# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OTIS HALL,

        Plaintiff,

v.

T. SCHAEFFER, et al.,

        Defendants.

2:07-CV-419 JCM (RJJ)

## ORDER

Presently before the court is defendant Theodore Schaefer's motion to dismiss. (Doc. #48). Plaintiff Otis Hall failed to file a reply.

On January 6, 2010, the court granted defendant Schaefer's motion to dismiss (doc. #19) plaintiff's complaint. (Doc. #33). The court dismissed counts one and two for conspiracy to cause false arrest with prejudice, and dismissed count three for cruel and unusual punishment without prejudice. *Id.* Further, the court granted the plaintiff leave to amend his complaint with regards to claim three, to allow plaintiff to "allege facts that indicate defendant Schaefer's involvement with the conditions of confinement" if possible. *Id.* Plaintiff appealed this order (doc. #34), and the appeal was dismissed by the Ninth Circuit Court of Appeals for lack of jurisdiction (doc. #42).

After the appeal was dismissed, this court ordered (doc. #46) the plaintiff to file an amended complaint within thirty (30) days. Plaintiff Hall filed an amended complaint (doc. #47) against Las Vegas Metropolitan Police Department ("LVMPD"), Theodore Schaefer, and newly added defendant D. Wollard for two counts for conspiracy to cause false arrest, and a third count for a violation of the Sixth Amendment, when officers of the LVMPD failed to appear at his hearing.

**James C. Mahan**
**U.S. District Judge**

1    In the present motion to dismiss (doc. #48), defendant Schaefer asserts that the complaint
2    should be dismissed because plaintiff has failed to comply with the court's order granting him leave
3    to amend (doc. #33). First, as Schaefer asserts, the court's order (doc. #33) dismissed plaintiff's first
4    and second claims *with prejudice* and did not grant him leave to amend the complaint with regards
5    to these claims. Therefore, plaintiff's first and second claims for relief for conspiracy to cause false
6    arrest are dismissed.

7    Second, as Schaefer asserts, plaintiff failed to amend his complaint with regards to Schaefer's
8    "involvement with conditions of confinement." In his original complaint, plaintiff alleged a violation
9    of the Fourteenth Amendment for being forced to sleep on the floor. As the court held that plaintiff
10   had not plead facts linking defendant Schaefer to the incident, it permitted the plaintiff to amend his
11   complaint to include such facts. (Docs. #33 and #47). In the amended complaint (doc. #47), plaintiff
12   has failed to allege any facts that link Schaefer to the alleged wrongdoings, and such failure warrants
13   a dismissal of plaintiff's claim for cruel and unusual punishment with prejudice.

14   Lastly, as defendant Schaefer asserts, plaintiff's Sixth Amendment claim against LVMPD[1]
15   should be dismissed because plaintiff was not granted leave to amend his complaint to add
16   supplemental claims (doc. #33 specifically permitted plaintiff to amend only with regards to his cruel
17   and unusual punishment claim), and, as over two years has passed since the alleged violations
18   occurred in 2006, the claim is time barred by the statute of limitations.

19   Since federal civil rights statutes have no independent limitation periods, the court
20   determines the applicable limitation period by borrowing the forum state's limitation period for
21   personal injuries. *Johnson v. State of California,* 207 F.3d 650, 653 (9th Cir. 2000); *Wilson v.*
22   *Garcia,* 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L.Ed. 2d 254 (1985) (Section 1983 claims are "best
23   characterized as personal injury actions."). Under Nevada law, the statute of limitations period is two
24   years. *See* N.R.S 11.190(4)(e). Therefore, since the alleged violations occurred in 2006, and plaintiff

---

[1] The court recognizes that defendant Las Vegas Metropolitan Police Department was never properly served, which warrants dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m). However, since dismissal with prejudice is proper on the other grounds discussed by the court, it need not address dismissal under rule 4(m).

James C. Mahan
U.S. District Judge

- 2 -

failed to assert this claim for relief until February 16, 2011, the statute of limitations bars this claim.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Theodore Schaefer's motion to dismiss (doc. #48) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the case be DISMISSED in its entirety with prejudice.

DATED March 30, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -